# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joan Brasile and Charlotte German,

                    Plaintiffs,

v.

County of Oakland,

                    Defendant.

_____/

Case No. 23-11690

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, CERTIFY, AND STAY [29]

On July 14, 2023, Plaintiffs Joan Brasile and Charlotte German filed a class action against Defendants Oakland County, Robert Wittenberg, and Andrew Meisner. (ECF No. 1.) On February 13, 2024, Andrew Meisner was dismissed as a Defendant. (ECF No. 25.) On March 20, 2024, Defendant Robert Wittenberg was dismissed as a Defendant. (ECF No. 32.) Plaintiffs allege violations of Article X, Section 2 of the Michigan Constitution and the Fifth, Eighth, and Fourteenth

Amendments of the United States Constitution related to Defendant's tax foreclosure practices. (*Id.*)

Before the Court is Defendant's Motion to Dismiss, Certify, and Stay the case. (ECF No. 29.) The Motion is fully briefed. (*See* ECF Nos. 38, 39, 44.)

For the reasons set forth below, Defendant's Motion is granted in part. Defendant's request to dismiss various counts is denied without prejudice and will be addressed when the stay is lifted as set forth below. Defendant's request to certify for interlocutory appeal is denied. Finally, the case is stayed pending the outcome of *Howard v. County of Macomb* (E.D. Mich. Case No. 23-12595 and Sixth Cir. Case No. 24-1665).

## I.    Background

Plaintiffs are residents of Oakland County, Michigan. Plaintiffs and putative class members owed money "to the County for delinquent taxes and/or assessments, interest, penalties, and fees reasonably related to the foreclosure and sale of [their properties]." (ECF No. 1, PageID.5.) Plaintiffs allege that Oakland County voluntarily acted as the Foreclosing Government Unit under Michigan's General Property Tax Act (Mich. Comp. Laws § 211.78t) and conducted and implemented tax

foreclosures, received proceeds that exceeded the amount owed to the County, and invested those proceeds after January 1, 2021, even after the Michigan Supreme Court issued a decision[1] that held that those surplus proceeds must be returned to Plaintiffs. (*Id.* at PageID.5–7.)

## II.    Certification for Interlocutory Appeal

Defendant requests certification for interlocutory appeal of the Court's February 2, 2024 order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 23.) A district court may permit a party to appeal a non-final order when that order "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017).

The burden is on the moving party to show that each requirement of § 1292(b) is satisfied. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012). Such appeals are the exception, however, not the rule. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

---

[1] *Rafaeli, LLC v. Oakland Cnty.*, 505 Mich. 429, 439 (2020).

3

"Appeals fulfilling [the third § 1292(b) factor] typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). An appeal cannot "materially advance the ultimate termination of the litigation" if "immediate review will not accelerate [the case's] end." *In re Somberg*, 31 F.4th at 1009.

Defendant's request for an interlocutory appeal fails because it has not met its burden on the third § 1292(b) factor. The Sixth Circuit will hear *Howard v. County of Macomb* (Sixth Cir. Case No. 24-1665), where Faytima Howard brings a putative class action challenging the validity of Macomb County's practices under the same state law (Mich. Comp. Laws § 211.78t) that allows the county to claim proceeds from tax foreclosure sales. The appeal is fully briefed, and the Attorney General, on behalf of the Michigan Department of Treasury, and the Michigan Association of County Treasurers have filed amicus briefs. (6th Cir., No. 24-1165, ECF Nos. 21, 23.) It will be judicially inefficient and not accelerate the resolution of this case, and therefore not "materially advance the ultimate termination of the litigation," to certify the same or

4

similar issues for interlocutory appeal. *See* 28 U.S.C. § 1292(b). *See In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 851 (W.D. Tenn. 2010) (finding certifying an issue for "an interlocutory appeal would not materially advance the ultimate termination of this litigation" where "this issue has already been certified for interlocutory appeal" in a similar case). Therefore, the Court need not address the remaining factors and the request to certify for interlocutory appeal is denied.

## III.   Staying the Case

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This discretion includes staying cases pending the resolution of independent proceedings. *See Deluca v. Blue Cross Blue Shield of Michigan*, No. 06-12552, 2007 WL 715304, at *1 (E.D. Mich. Mar. 7, 2007) (citing *Mediterranean Enter. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Still, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "In determining whether to stay a matter pending resolution of independent

5

proceedings which may bear upon the case at hand, the Court must balance the competing interests of 'economy of time and effort for itself, for counsel, and for litigants.'" *Lyngaas v. J. Reckner Assocs., Inc.*, No. 17-12867, 2019 WL 166227, at *2 (E.D. Mich. Jan. 10, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Where the independent "cases generally concern the same facts, claims, and applicable law, . . . a stay of [the instant] case pending the Sixth Circuit's decision . . . best effectuates the goals of judicial economy." *Bandit Indus., Inc. v. Blue Cross & Blue Shield of Michigan*, No. 4:13-CV-12922, 2013 WL 5651444, at *2 (E.D. Mich. Oct. 15, 2013).

Here, the Court finds the competing interests of economy of time and effort for itself, for counsel, and for the parties weigh in favor of granting a stay in the litigation. As set forth above, the Sixth Circuit will hear *Howard*, which has similar facts and legal issues because Howard also brings a putative class action challenging the county's practice of claiming surplus proceeds from tax foreclosure sales under Mich. Comp. Laws § 211.78t. Although the parties may differ, the same body of law applies in both cases. Staying the case will save energy and resources, since the Sixth Circuit is addressing similar facts, claims, and applicable

law and will likely clarify whether the conduct alleged in this case violates the U.S. Constitution when it decides the *Howard* case. "[T]he Sixth Circuit's decision may have a substantial impact on this relatively fresh case and, therefore, a stay pending that ruling is appropriate." *See Bandit Indus., Inc.*, 2013 WL 5651444, at *2.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS in part Defendant's Motion. (ECF No. 29.) Defendant's motion to dismiss is DENIED without prejudice, and Defendant's motion to certify for appellate review is DENIED. This case is STAYED pending the United States Court of Appeals for the Sixth Circuit's disposition of *Howard v. County of Macomb*, Case No. 24-1165. Within 30 days after *Howard* is decided by the Sixth Circuit, if appropriate, Defendant may file a renewed Motion to Dismiss, and Plaintiffs may file a response twenty-one days thereafter. A reply may also be filed.

IT IS SO ORDERED.

Dated: January 13, 2025                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

8