UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOAN BRASILE, an individual;
CHARLOTTE GERMAN, f/k/a
CHARLOTTE BONNER, an individual,
for themselves and all those similarly situated,

                Plaintiffs,                Case No. 5:23-cv-11690

v.                                     Hon. Judith E. Levy
                                     Mag. Judge Elizabeth A. Stafford

COUNTY OF OAKLAND,

                Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS
_____

      Pursuant to Fed. R. Civ. Pro. 12(b)(6) and (c), Defendant moves to dismiss the Complaint (or for judgment on the pleadings) for the following reasons:

      1.    Plaintiffs claim, among other things, that Michigan's amended foreclosure statute fails to satisfy the Constitution.  Previously, the Court granted in part and denied in part Defendant's motion to dismiss (Order-ECF No. 23).  Specifically, the Court denied Defendant's motion on count 1 (due process), count 5 under §1983 (taking) and count 7 (procedural due process).  The Court also abstained from adjudicating Plaintiffs' claim under the Michigan Constitution as indicated in footnote 1 of its Order.

2.      Defendant subsequently filed a motion to dismiss other counts of the complaint and to certify the Court's prior order to the Court of Appeals.  In the meantime, the Court of Appeals heard an appeal of a case which was materially identical to this case (*Howard v. Macomb County*).  Following a status conference, the Court dismissed Defendant's motion without prejudice pending the decision of the Sixth Circuit in *Howard* and stayed this case in the meantime (Opinion and Order - ECF No.47).

3.      The Court of Appeals has now decided *Howard* and held the Michigan amended foreclosure statute is constitutional.  Defendant has conferred with Plaintiffs as to whether they will voluntarily dismiss their case or if Defendant should file this motion.  Understandably, Plaintiffs will not voluntarily dismiss this case since the plaintiff in *Howard* will seek *en banc* review and, if necessary, file a petition for *certiorari*.

4.      *Howard* is controlling as a matter of federal law and Defendant is entitled to judgment in its favor on counts 1 and 5.  To the extent *Howard* does not address all of the issues, the Michigan courts have addressed them and held the amended statute satisfies both the United States and Michigan Constitutions.

2

5.     To the extent the Court may not have ruled on Plaintiffs' equal protection claim (a portion of count 1) and it is not controlled by *Howard*, that claim fails since Plaintiffs are not members of either alleged class.

6.     As to the remaining counts, Defendant is entitled to dismissal or judgment in its favor:

a. Count 2 (constructive trust) because such an assertion is a remedy and not a cause of action under Michigan law.

b. Count 3 (unjust enrichment) because that common law remedy, in this factual setting, has been replaced by P.A. 256 as the exclusive remedy as stated by the Michigan Legislature.

c. Count 4 ("arising directly under the Fifth Amendment") because an alleged Fifth Amendment violation must be brought under 28 U.S.C. §1983.

d. Count 6 (substantive due process) because there are other constitutional provisions which expressly address the issues and Defendant's actions do not shock the conscience.

e. Count 7 (procedural due process) since Plaintiffs admit they received notice and an opportunity to make a claim.

f. Count 8 (excessive fine under the Eighth Amendment) because the GPTA is remedial, not punitive.

g. Count 12 (injunctive relief) because such an assertion is a remedy and does not state a cause of action.

h. Counts 13 and 14 (conversion and statutory conversion) because Defendant is immune under Michigan law.

**WHEREFORE**, Defendant requests the Court to dismiss Plaintiffs' complaint.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
   **WILLIAM H. HORTON** (P31567)
   **JOHN R. FLEMING** (P79748)
   Attorneys for Defendant
   101 West Big Beaver Road, Tenth Floor
   Troy, Michigan 48084-5280
   (248) 457-7000
   bhorton@gmhlaw.com
   jfleming@gmhlaw.com
Date:  April 16, 2025

## LOCAL RULE CERTIFICATION

I, William H. Horton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

   /s/ William H. Horton
   WILLIAM H. HORTON (P31567)

<u>CERTIFICATE OF SERVICE</u>

On April 16, 2025, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton

WILLIAM H. HORTON (P31567)
Attorney for Defendant
bhorton@gmhlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOAN BRASILE, an individual;
CHARLOTTE GERMAN, f/k/a
CHARLOTTE BONNER, an individual,
for themselves and all those similarly situated,

          Plaintiff,                Case No. 5:23-cv-11690

v.                              Hon. Judith E. Levy

                                    Mag. Judge Elizabeth A. Stafford

COUNTY OF OAKLAND,

          Defendant.

_____

DEFENDANT'S BRIEF RE: DISMISSAL

_____

# <u>TABLE OF CONTENTS</u>

Page No.

TABLE OF AUTHORITIES ............................................................................ ii

MOST CONTROLLING AUTHORITY ........................................................ iv

INDEX OF EXHIBITS ................................................................................ v

INTRODUCTION........................................................................................1

FACTS ........................................................................................................1

ARGUMENT ...............................................................................................4

RELIEF REQUESTED ................................................................................14

CERTIFICATE OF SERVICE......................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

Page No.

### Cases

*Albright v. Oliver*, 510 U.S. 266, 275 (1994) .............................................. 10

*Arkona, LLC v. Cheboygan*, 2021 WL 148006 ........................................... 13

*Austin v. United States*, 509 U.S. 602, 609-10 (1993) ................................ 12

*Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989) ................................... 13

*Bowles v. Sabree*, 2022 WL 141666 at 12 (E.D. Mich. Jan. 14, 2022) ......... 13

*Coalition Protecting Auto No-Fault v. Mich. Catastrophic Claims Assn.*, 305 Mich. App. 301, 325, *other portions vacated on other grounds*, 498 Mich. 896 (2015) ................................................................................. 7

*County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ......................... 10

*Department of Agriculture v. Appletree Marketing, LLC*, 485 Mich 1, 18 (2010) ...................................................................................................... 14

*Fox v. Saginaw*, 2021 WL 120855 .............................................................. 13

*Granger v. Ottawa,* 2021 WL 790771 at 3 (W.D. Mich. March 2, 2021) ...... 13

*Howard v. Macomb Cnty., Michigan,* 2025 WL 941511 (6th Cir. Mar. 28, 2025) (for publication) ....................................................................... 1, 4

*In re Kent Cnty. Treasurer for Foreclosure*, 2025 WL 889786, at *14 (Mich. Ct. App. Mar. 21, 2025). .................................................................... 10

*In re Muskegon Cnty. Treasurer for Foreclosure,* 2023 WL 7093961 (Mich. Ct. App. Oct. 26, 2023) (for publication) . ....................................... 6, 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). ..................... 6

*Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ......................................... 12

*Metro T. Properties, LLC v. Wayne County*, Case No. 23-cv-11457 (E.D. Mich. Feb. 15, 2024) ............................................................................ 8

*Mettler Walloon, LLC v. Melrose Township*, 281 Mich. App. 184 (2008) ........ 11

*Moeller v. Am. Media, Inc.*,  235 F. Supp. 3d 868, 876 (E.D. Mich. 2017) ...... 7

*Rosales-Mireles v. United States*, 585 U.S. 129, 137-38 (2018) ................... 11

*Schafer v. Kent Cnty.*, WL 3573500, at *19 (Mich. July 29, 2024) .................8

*Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) ...................................9

*Trump v. New York*, 592 U.S. __; 141 S. Ct. 530, 535 (2024) .......................6

**Statutes**

M.C.L. § 211.78i(1) ...............................................................................8

M.C.L. § 211.78i(7)(i) ............................................................................8

M.C.L. § 211.78t ..........................................................................2, 7, 10

M.C.L. § 211.78t(1) ...............................................................................2

M.C.L. §211.78t(11) ......................................................................7, 9, 11

M.C.L. §691.1407(1) ............................................................................13

**Other Authorities**

P.A. 256 .....................................................................................1, 6, 7

## MOST CONTROLLING AUTHORITY

*Howard v. Macomb Cnty., Michigan,* 2025 WL 941511 (6th Cir. Mar. 28, 2025) (for publication)

## INDEX OF EXHIBITS

1    Treasurer's Office Letter to Joan Brasile

2    Treasurer's Office Letter to Charlotte Bonner

3    Claim Form

4    Motion Hearing Transcript of February 1, 2024

5    *Howard v. Macomb County*, Complaint

6    *Howard v. Macomb Cnty., Michigan,* 2025 WL 941511 (6th Cir. Mar. 28,2025) (for publication)

7    *In re* Petition of Muskegon County Treasurer for Foreclosure, 2023 WL 7093961 (Mich. Ct. App. Oct. 26, 2023) (for publication)

8    *Metro T. Properties, LLC v. County of Wayne,* Case No. 23-cv-11457 (E.D. Mich. Feb. 15, 2024)

## INTRODUCTION

Plaintiffs' Complaint should be dismissed based on the decision of the Sixth Circuit in *Howard v. Macomb County*, the additional cases decided by the Michigan courts and for the reasons stated below.

## FACTS

In response to *Rafaeli v. Oakland County*, 404 Mich. 429 (2020), the Michigan Legislature passed P.A. 256 of 2020 to amend the Michigan General Property Tax Act. Relevant to this case, the amendment provides a procedure for a taxpayer to make a claim for surplus proceeds arising out of the sale or transfer of the taxpayer's former real estate following tax foreclosure. It now provides that a taxpayer who has been foreclosed may "submit a notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property." M.C.L. § 211.78t(1).

The claim must be filed by July 1 of the year of foreclosure. *Id*. at (2). The following January 31, the foreclosing governmental unit must provide to the taxpayer a disclosure which states whether the property was sold and, if so, whether there are surplus proceeds after the tax and various fees are satisfied. *Id*. at (3). If there are surplus proceeds and the foreclosing governmental unit does

1

not voluntarily pay, the taxpayer may file a motion with the circuit court, *id.* at (4), which then decides the issue.  *Id.* at (9).

Plaintiffs were foreclosed and the redemption period expired on March 31, 2022.  On May 27, 2022, Oakland County sent these Plaintiffs a letter notifying them of the procedure to make a claim by July 1 and enclosed a copy of the claim form.  The letter stated that Plaintiffs "have a right to make a claim for remaining proceeds that may result from the sale or transfer of the property."  "In order to make a claim, you must submit a Notice of Intention to Claim Interest in Foreclosure Sale Proceeds (Michigan State Treasury Form 5743) to the Oakland County Treasurer **no later than July 1, 2022.**"  (Emphasis in original).  A claim form was enclosed.  The end of the letter again emphasized that the claim form must be submitted "no later than July 1, 2022."  If Plaintiffs had any questions, they were instructed to call the provided phone number.  Exhibit 1, Letter to Joan Brasile; Exhibit 2, Letter to Charlotte Bonner; Exhibit 3, Claim Form.  Plaintiffs did not file a claim.

Defendants previously moved to dismiss on the basis that the amended statute is constitutionally sound under both the United States and Michigan Constitutions.  The Court denied the motion under the United States Constitution

and abstained from deciding the portions of the Complaint involving the Michigan

Constitution.  A transcript of the hearing is attached as Exhibit 4.

## ARGUMENT

Since there are 14 counts, Defendant will address each count separately.

1.    *Howard v. Macomb County.*

Fatima Howard was foreclosed by Macomb County in 2022 (after the amended Michigan statute went into effect).  She did not redeem and the foreclosure became final.  Nor did she file a notice with Macomb County that she intended to claim any surplus from the sale of her property.

She later filed a complaint alleging that Macomb County had taken her property.  She claimed her right arose directly under the Constitution (as implemented by 42 U.S.C. §1983) and she was not required to comply with the requirements of the Michigan statute.  A copy of the complaint is attached as Exhibit 5.  Judge Parker granted the defendant's motion to dismiss.

On appeal, the Sixth Circuit held that the Michigan amended statute was constitutional and plaintiff's failure to follow it amounted to a forfeiture of her right to claim the surplus proceeds.  A copy of *Howard* is attached as Exhibit 6.

Interestingly, the Court of Appeals surveyed statutes among other states, territorial laws and even colonial laws showing that this type of simple notice and claim process has been in use and passed muster for over 200 years.  In any case, it concluded no taking had occurred.  To the extent plaintiff argued a due

4

process claim, the Court concluded that Michigan does not ask "any more of property owners than New York City asked of them in seeking to recover these residuals" which the Supreme Court held to be constitutional in *Nelson v. City of New York*, 352 U.S. 103 (1956). As a result, *Howard* is controlling as to Plaintiffs' taking and due process claims (Counts 1 and 5) and Defendant is entitled to judgment in its favor.

2.    <u>Count 1 ("Declaratory Relief [That] P.A. 256 is Unconstitutional")</u>

Count 1 alleges P.A. 256 violates the Equal Protection clause (¶¶106-09, ECF No. 1, PageID.24)), procedural and substantive due process (¶¶110-19, ECF No. 1, Page ID.25-26)), Defendants are unjustly enriched (¶120, ECF No. 1, PageID.26), and the failure to return the surplus proceeds constitutes a taking (¶123, ECF No. 1, PageID.26)). All of these issues are pleaded separately elsewhere in the Complaint in specific counts except the Equal Protection claim. As a result, Defendants will address the Equal Protection claim here and the other assertions in the specific counts.[1]

Curiously, Plaintiffs' Equal Protection claim alleges an unlawful classification scheme between those who filed Form 5743 before July 1 and those

---

[1] Plaintiffs also allege an excessive fine violation under the Eighth Amendment (¶122, ECF No. 1, PageID.26) for the 5% commission, but the Court has dismissed that claim. See Order (ECF No. 23).

5

who filed such a form after July 1 (Complaint, ¶¶106-09, ECF No. 1, PageID.24).

However, these Plaintiffs did not submit Form 5743 at any time – either before or

after July 1.  Since Plaintiffs did not file Form 5743 at any time, they lack standing

and this portion of count 1 should be dismissed.

A plaintiff must demonstrate "standing, including 'an injury that is concrete,

particularized, and imminent rather than conjectural or hypothetical.'"  *Trump v.*

*New York*, 592 U.S. 125, 131 (2024).  Plaintiffs must show they have suffered an

injury in fact, there is a causal connection between the injury and defendants'

actions, and that the injury will be redressed by a favorable decision.  *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  These Plaintiffs have not

suffered even the most remote Equal Protection injury since they never filed a

claim form at any time.  They lack standing and this portion of count 1 should be

dismissed.[2]

---

[2] Defendants suspect this is a drafting error since this Complaint appears to be very similar to the complaint in the *In re Petition of Muskegon County Treasurer* case (Exhibit 7), where the plaintiffs were represented by the same attorneys and those plaintiffs actually had submitted the forms after July 1.  Defendants inquired if that was true but received no response.

### 3.   Count 2 – Constructive Trust

Plaintiffs fail to state a claim for a "constructive trust" under Michigan law. Michigan does not recognize a constructive trust as a cause of action.  Instead, it is a remedy.  "A constructive trust is not an independent cause of action; rather, it is an equitable remedy."  *Coalition Protecting Auto No-Fault v. Mich. Catastrophic Claims Assn.*, 305 Mich. App. 301, 325, *other portions vacated on other grounds*, 498 Mich. 896 (2015).  In that case, the Michigan Court of Appeals reversed the trial court, stating:  "Thus, the counts in plaintiffs' complaints that sought to impose a constructive trust were legally insufficient to state a claim." *Id*.

### 4.   Count 3 – Unjust Enrichment

Plaintiffs fail to state a claim under Michigan law.  A Michigan common law action for unjust enrichment in this setting has been preempted by P.A. 256 as the exclusive remedy.  As this Court stated in *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 876 (E.D. Mich. 2017): "Whether or not a statutory scheme preempts the common law on a subject is a matter of legislative intent.  Michigan courts have found legislative intent to preempt common law claims when the statute expressly says so."

Here, P.A. 256 "expressly says so": "This section is the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state."  M.C.L. §211.78t(11). *Accord: Muskegon County, supra, for publication* (Exhibit 7): "our Legislature intended M.C.L. 211.78t as the sole mechanism by which a former owner of foreclosed property could obtain any proceeds remaining from the tax-foreclosure sale…."  *Id*. at 4.

The Michigan Supreme Court has held that the statute is "controlling" and "exclusive."  "Here, M.C.L. 211.78t creates a controlling and structured system for adjudication of tax-foreclosure disputes as the exclusive means of obtaining surplus proceeds."  *Schafer v. Kent Cnty.*, WL 3573500, at *19 (Mich. July 29, 2024).

In addition, Judge Parker recently dismissed an unjust enrichment claim (as well as constitutional claims) under P.A. 256 because the Act "provides the opportunity to claim the surplus proceeds which existed in *Nelson*."  *Metro T. Properties, LLC v. Wayne County*, Case No. 23-cv-11457 (E.D. Mich. Feb. 15, 2024) (Exhibit 8).

## 5.  Count 4 – "Arising Directly"

Plaintiffs fail to state a claim.  The law is well established that §1983 is the exclusive remedy for an alleged constitutional violation.  "The Supreme Court has

8

never recognized a cause of action arising directly under the Constitution in a case where §1983 was available as a remedy."  *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) *vacated on other grounds*, 488 U.S. 1036 (1989). Westlaw shows this headnote has been cited 127 times.

6.     <u>Count 5 – Due Process and Taking Violation Under §1983</u>

*Howard* controls.  In addition, the GPTA requires the County to initiate a "search of records" and to "identify the person with a property interest in the property entitled to notice under this section of the show cause hearing" prior to the judgment of foreclosure becoming final.  M.C.L. §211.78i(1).  Among the notice provided to such persons:

> An explanation of the right of a person with an interest in the property at the time a judgment of foreclosure of the property is effective under section 78k to claim that person's interest in any remaining proceeds pursuant to section 78t after a sale or transfer of the property under section 78m.

M.C.L. §211.78i(7)(i).

Plaintiffs received such notice (and do not dispute it).  In a published case, the Michigan Court of Appeals has held that so long as the County follows the statutory notice procedures (such as here), due process requirements are satisfied.

> We further hold that due process is upheld when petitioners comply with this detailed statutory process, enabling respondents to defend their constitutional rights

9

through the safeguards outlined within that process.

*In re Kent Cnty. Treasurer for Foreclosure*, 2025 WL 889786, at \*14 (Mich. Ct. App. Mar. 21, 2025).

### 7.  <u>Count 6 – Substantive Due Process</u>

Plaintiffs fail to state a claim.  While "substantive due process" is perhaps a recognized legal theory, it has narrow application and strict requirements. Plaintiffs fail to plead those requirements. [3]

In order to state a claim for a violation of substantive rights under the due process clause, there must be no other available remedy and the actions must be so arbitrary as to "shock the judicial conscience."

> Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.

*County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (citations omitted).

---

[3] Due process relates to process – procedure – not substance.  A fair and simple reading of the due process clause and case law over more than 200 years states that a person can be deprived of "life, liberty or property" (i.e., substance) if they are afforded "due process of law" (procedure).  Implying that a substantive right arises out of a procedural guaranty requires monumental gymnastic skills.  But it appears to currently be a recognized right, so it must be addressed.  *See Albright v. Oliver*, 510 U.S. 266, 275 (1994) (Scalia, J, concurring).

"Shock the conscience" means the governmental action was "intended to injure in some way unjustifiable by any government interest or in some circumstances if it resulted from deliberate indifference." *Rosales-Mireles v. United States*, 585 U.S. 129, 137-38 (2018).   In the context of land use governmental action, see the 17 pages of federal and state cases discussed in *Mettler Walloon, LLC v. Melrose Township*, 281 Mich. App. 184 (2008), all of which require the plaintiff to plead and prove the two points above.

In this case, Plaintiffs have pleaded claims under §1983 for Fifth and Eighth Amendment alleged violations.  Those counts provide "an explicit textual source of constitutional protection."  In addition, the governmental action of requiring a taxpayer to file a simple, one-page form to make a claim for surplus proceeds can hardly be considered shocking.  To the contrary, it is routine.  There is no claim that the Defendant acted under the GPTA in a way that was not authorized or was "arbitrary" or an "abuse of power."  *County of Sacramento, supra* at 846.

## 8.   Count 7 – Procedural Due Process under §1983

Plaintiffs fail to state a claim.  This count claims Defendants "did not provide sufficient notice to Plaintiffs and class members of the preclusive effect of M.C.L. §211.78t on Plaintiffs' and class members' vested property interest in their Surplus Proceeds."  Complaint, ¶195 (ECF No. 1, Page ID. 38).  To the contrary, the

11

letter provided to Plaintiffs refers them to "Michigan Compiled Laws Sec. 211.78t" as to how "to file a claim for the remaining proceeds."  M.C.L. §211.78t(11) expressly states it is the "exclusive remedy." The claim form, also provided, states "a person that intends to make a claim for excess sales proceeds must complete and return this notarized notice to the Foreclosing Governmental Unit by July 1 in the year of foreclosure."

"The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).  According to Plaintiffs, they were given notice as to how to make a claim, that it must be made by July 1, and were provided a copy of the claim form.  Exhibits 1, 2, 3; Complaint ¶98 (ECF No. 1).

## 9.   Count 8 – Excessive Fine/Eighth Amendment under §1983

Count 8 fails to state a claim.  This count alleges that the taking of the Plaintiffs' equity in their property for failure to pay taxes is an excessive fine under the Eighth Amendment.

The Excessive Fines clause of the Eighth Amendment only applies to fines which are punitive and not remedial. *E.g., Austin v. United States*, 509 U.S. 602, 609-10 (1993). These courts have rejected the Excessive Fines argument in the

context of the GPTA: *Bowles v. Sabree*, 2022 WL 141666 at 12 (E.D. Mich. Jan. 14, 2022); *Fox v. Saginaw*, 2021 WL 120855 at 13; *Arkona, LLC v. Cheboygan*, 2021 WL 148006 at 3 (E.D. Mich. Jan. 15, 2021); *Granger v. Ottawa,* 2021 WL 790771 at 3 (W.D. Mich. March 2, 2021).

Defendant's retention of the surplus after Plaintiffs' failure to follow the procedure of P.A. 256 is remedial, not punitive.  The GPTA "is not punitive in nature. Its aim is to encourage the timely payment of property taxes and to return tax-delinquent property to their tax-generating status, not necessarily to punish property owners for failing to pay their property taxes." *Rafaeli*, 505 Mich. at 449 (2020).  "[A] federal court is bound by a state court's construction of that state's own statute."  *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

### 10.   Counts 9, 10, 11 – Michigan Constitutional Claims

The Court has abstained from adjudicating these counts.  ECF No. 23.

### 11.   Count 11 – "Injunctive Relief"

As the title says, this is a claim for relief and not a cause of action.  It fails to state a claim.

### 12.   Counts 13, 14 – Conversion and Statutory Conversion

Defendant is entitled to judgment on the pleadings.  Defendant has asserted the affirmative defense of immunity.  ECF No. 26, PageID.477.  Counts 13 and

13

14 are tort claims arising under Michigan law.  "Conversion is an intentional tort."

*Department of Agriculture v. Appletree Marketing, LLC*, 485 Mich. 1, 18 (2010).

Defendant is immune from tort liability under M.C.L. §691.1407(1):  "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  Defendant is engaged in a governmental function – collecting taxes.

<u>RELIEF REQUESTED</u>

Defendant requests the Court to grant the relief as requested above and in its motion.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
    **WILLIAM H. HORTON** (P31567)
    **JOHN R. FLEMING** (P79748)
    Attorneys for Defendant
    101 West Big Beaver Road, Tenth Floor
    Troy, Michigan 48084-5280
    (248) 457-7000
    bhorton@gmhlaw.com
    jfleming@gmhlaw.com

Date:  April 16, 2025

14

<u>LOCAL RULE CERTIFICATION</u>

I, William H. Horton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

<u>/s/ William H. Horton</u>
WILLIAM H. HORTON (P31567)

<u>CERTIFICATE OF SERVICE</u>

On April 16, 2025, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

<u>/s/ William H. Horton</u>
WILLIAM H. HORTON (P31567)
Attorney for Defendant
bhorton@gmhlaw.com

15