**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Joan Brasile and Charlotte German,

                    Plaintiffs,

v.

County of Oakland,

                    Defendant.

_____/

Case No. 23-11690

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**OPINION AND ORDER LIFTING STAY [47] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO <u>DISMISS [48]</u>**

On July 14, 2023, Plaintiffs Joan Brasile and Charlotte German filed a class action against Defendants Oakland County and former Oakland County treasurers Robert Wittenberg and Andrew Meisner. (ECF No. 1.) Robert Wittenberg and Andrew Meisner were subsequently dismissed as Defendants, leaving Oakland County as the sole Defendant. (ECF Nos. 25, 32.) On January 13, 2025, the Court stayed the case pending the Sixth Circuit's decision in *Howard v. Macomb Cnty.*, 133 F.4th 566 (6th Cir. 2025). (ECF No. 47, PageID.992–93.) On April 16,

2025, following the Sixth Circuit's decision in *Howard*, Defendant filed a renewed motion to dismiss. (ECF No. 48.) In light of the Sixth Circuit's decision in *Howard*, Defendant's motion to dismiss is granted in part and denied in part.

## I.    Background

In Michigan, the collection of delinquent taxes is governed by the General Property Tax Act ("GPTA"). *See* Mich. Comp. Laws § 211.1 *et seq*. Under § 211.78 of the GPTA, either the State or counties may act as a "foreclosing governmental unit," foreclosing and selling tax-delinquent properties. *Id*. § 211.78. On July 17, 2020, the Michigan Supreme Court held that the GPTA was unconstitutional under the Takings Clause of the Michigan Constitution insofar as it prevented former property owners from collecting surplus proceeds—i.e., proceeds in excess of the former property owner's tax debt—following a tax foreclosure sale. *Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434, 441 (Mich. 2020). On October 12, 2022, the Sixth Circuit held that the GPTA violated the Takings Clause of the United States Constitution for the same reason. *See Hall v. Meisner*, 51 F.4th 185, 188 (6th Cir. 2022).

2

In response to *Rafaeli*, the Michigan legislature amended the GPTA to include a process by which former property owners can reclaim surplus or "remaining" proceeds. *See* Mich. Comp. Laws § 211.78t. Section 211.78t establishes "the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state." *Id.* § 211.78t(11). For foreclosed property transferred or sold after the Michigan Supreme Court's decision in *Rafaeli*, a claimant must notify the foreclosing governmental unit of her intent to reclaim any surplus proceeds by submitting a prescribed claim form to the foreclosing governmental unit "by the July 1 immediately following the effective date of the foreclosure of the property." *Id.* § 211.78t(2). Following a foreclosure sale, the foreclosing governmental unit must notify the claimant "of any remaining proceeds" and inform the claimant that she must file "a motion with the circuit court in the same proceeding in which the judgment of foreclosure of the property was effective under section 78k to claim any remaining proceeds." *Id.* § 211.78t(3). After receiving the notice of remaining proceeds, the claimant must file a motion with the relevant circuit court "during the period beginning on February 1 immediately succeeding the date on which the property was sold or

3

transferred under section 78m and ending on the immediately succeeding May 15." *Id.* § 211.78t(4).

Plaintiffs in this case are residents of Oakland County, Michigan. Plaintiffs and putative class members owned real property in Oakland County, which was foreclosed on by Defendant County as a result of unpaid taxes. (ECF No. 1, PageID.5.) On May 27, 2022, Defendant County sent Plaintiffs letters notifying them of their "right to make a claim for remaining proceeds that may result from the sale or transfer of the property."[1] (ECF No. 48, PageID.1007.) The letters were accompanied by a copy of the necessary claim form and explained that the claim form must be submitted to the Oakland County Treasurer "no later than July 1, 2022." (*Id.*) Plaintiffs did not submit the necessary claim forms. (*Id.*) Defendant County sold the foreclosed properties and received proceeds from the sales that exceeded Plaintiffs' tax delinquencies. (ECF No. 1, PageID.6.) Because Plaintiffs did not utilize § 211.78t's process for

---

[1] Plaintiffs allege that "at least one of the letters was sent to the address of the foreclosed property, where Plaintiff no longer lived," although this allegation was not included in their complaint. (*See* ECF No. 20, PageID.243 n.7; ECF No. 24, PageID.413–14.)

claiming surplus proceeds, Defendant County retained all surplus proceeds. (*Id.*)

Plaintiffs allege that Defendant County's use of § 211.78t "to avoid turnover [of] Plaintiffs' and class members' property" violates both Michigan's Takings Clause and the United States' Takings Clause, as well as their substantive due process rights. (*Id.* at PageID.15, 37.) Furthermore, Plaintiffs allege that they were deprived of procedural due process under both the Michigan and United States Constitutions because the taking and retention of surplus proceeds occurred without proper notice or the opportunity to object. (*Id.* at PageID.39, 45.) In addition, Plaintiffs allege, among other things, unjust enrichment, conversion, and violations of the Eighth Amendment prohibition against excessive fines. (*Id.* at PageID.31–32, 39–41, 46–48.)

On September 28, 2023, Defendants filed a motion to dismiss. (ECF No. 16.) Following oral argument on February 1, 2024, the Court dismissed the portion of Plaintiffs' Eighth Amendment claim related to a five percent sales commission fee because Plaintiffs lacked standing to

bring that claim.[2] (ECF No. 23, PageID.390–91.) The Court also abstained from adjudicating Plaintiffs' claims under the Michigan Constitution (Counts IX, X, and XI). (*Id.* at PageID.391.) As to Plaintiffs' allegations under the federal Takings Clause and federal procedural due process, however, the Court denied Defendants' motion to dismiss, finding that Plaintiffs had set forth a claim. (ECF No. 24, PageID.450.)

On February 29, 2024, Defendants filed a motion to dismiss, to certify the Court's prior decision for interlocutory appeal, and to stay the case. (ECF No. 29.) On February 13 and March 20, 2024, the Court entered stipulated orders dismissing Defendants Andrew Meisner and Robert Wittenberg, leaving Oakland County as the sole Defendant. (*See* ECF Nos. 25, 32.) On January 13, 2025, the Court denied Defendant's motion to certify for interlocutory appeal and denied, without prejudice, Defendant's request to dismiss various counts. (ECF No. 47, PageID.988.) The Court granted, however, Defendant's motion to stay the case pending the Sixth Circuit's decision in *Howard*. (*Id.* at PageID.992–93.)

---

[2] Under § 211.78t, "remaining proceeds" are defined as surplus proceeds minus a 5% "sale commission payable to the foreclosing governmental unit." Mich. Comp. Laws § 211.78t(12)(b). Because Plaintiffs never attempted to recover remaining proceeds under § 211.78t, the theoretical subtraction of a 5% sale commission was, as to Plaintiffs, a purely hypothetical injury. (*See* ECF No. 24, PageID.449.)

As the Court explained, *Howard* involved different parties but similar facts and legal issues. (*Id.* at PageID.992.) In *Howard*, as here, the plaintiff was a property owner whose property was seized and sold by the defendant, Macomb County, for unpaid taxes. *Howard*, 133 F.4th at 568. The plaintiff in *Howard*, like Plaintiffs here, did not take advantage of § 211.78t's process for recovering surplus proceeds. *Id.* As a result, Macomb County, like Oakland County, retained proceeds from the tax foreclosure sale in excess of the plaintiff's tax delinquencies. *Id.* And the plaintiff, like Plaintiffs here, alleged that the defendant county had violated the Takings Clause of the Fifth Amendment by keeping proceeds in excess of her tax debt. *Id.*

The Court instructed Defendant to file a renewed Motion to Dismiss, if appropriate, within thirty days of the Sixth Circuit's decision in *Howard*. (ECF No. 47, PageID.993.) On March 28, 2025, the Sixth Circuit affirmed the district court's dismissal in *Howard*, holding that Michigan's statutory procedure for recovery of surplus proceeds does not violate the Takings Clause, and the plaintiff had forfeited her Takings-Clause claim by failing to comply with that procedure. *Howard*, 133 F.4th at 572. On April 16, 2025, following the Sixth Circuit's decision in

*Howard*, Defendant filed a renewed motion to dismiss. (ECF No. 48.) Accordingly, the Court now lifts its stay, and Defendant's motion to dismiss is granted in part and denied in part.

## II. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff[s] and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## III. Analysis

### A.     Counts IV and V – Federal Takings Claims

Counts IV and V of Plaintiffs' complaint allege violations of the Fifth Amendment Takings Clause. (ECF No. 1, PageID.32–36.) In *Howard*, the Sixth Circuit affirmed the dismissal of materially indistinguishable takings claims. There, the court explained that by amending the GPTA to allow former property owners to recover surplus proceeds following a foreclosure sale, the Michigan legislature cured the law of its constitutional deficiencies under the Takings Clause. *Howard*, 133 F.4th at 568. "[T]he Takings Clause permits each State to 'define[] the process through which [an] owner [can] claim the surplus' and to keep the surplus if the owners do not comply." *Id.* at 570 (quoting *Tyler v. Hennepin Cnty.*, 598 U.S. 631, 644 (2023)). Here, "Michigan law gave [Plaintiffs] an opportunity to recover [their] surplus and set several reasonable steps for claiming it." *Id.* at 571. By "fail[ing] to comply with the State's procedures for collecting any surplus," Plaintiffs "forfeited [their] claim to it." *Id.* at 572 (citing *Nelson v. City of New York*, 352 U.S. 103, 110 (1956)).

Plaintiffs argue that *Howard* contravenes Supreme Court precedent set forth in *Knick v. Twp. of Scott*, 588 U.S. 180 (2019). (ECF

9

No. 50, PageID.1151.) *Knick* held that a plaintiff need not exhaust her right to seek compensation under state law before filing a claim for just compensation under 42 U.S.C. § 1983. *Knick*, 588 U.S. at 191. But in deciding *Howard*, the Sixth Circuit expressly distinguished Michigan's amended GPTA from the state laws at issue in *Knick*. As the Sixth Circuit explained, "*Knick* addressed the available remedies *after a taking occurs*." *Howard*, 133 F.4th at 572 (emphasis added). "But unlike the state laws at issue in *Knick*, Michigan's procedures for collecting the surplus do not compensate the property owner for a taking." *Id.* Rather, "[t]hey *prevent a taking from happening in the first place*." *Id.* (emphasis added). "A county that allows property owners to obtain any surplus after a foreclosure and keeps the residual only if the owners do not seek it does not commit a taking." *Id.* (citing *Nelson*, 352 U.S. at 110; *Tyler*, 598 U.S. at 644).

Accordingly, pursuant to the Sixth Circuit's decision in *Howard*, Counts IV and V are dismissed.

### B.   Count VI – Substantive Due Process Claim

Plaintiffs argue that the retention of surplus proceeds "deprived them of substantive due process." (ECF No. 1, PageID.37.) At a hearing

on Defendant's first motion to dismiss, the Court declined to dismiss Plaintiffs' substantive due process claim for lack of any "substantive argument" regarding the claim. (ECF No. 24, PageID.454.) In its most recent motion to dismiss, Defendant argues that Plaintiffs' substantive due process claim should be dismissed because the constitutionality of the government behavior at issue is controlled by specific Amendments and, therefore, should not be analyzed under "the more generalized notion of substantive due process." (ECF No. 48, PageID.1015–1016 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)).)

The Court agrees that the "more-specific-provision rule" precludes Plaintiffs' substantive due process claim. *See Lewis*, 523 U.S. at 844. Because the Supreme Court is "reluctant to expand the concept of substantive due process," it has held "that '[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Id.* at 842 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992); *Albright v. Oliver*, 510 U.S. 266, 273 (1994)); *see also Montgomery v. Carter Cnty.*, 226 F.3d

11

758, 769 (6th Cir. 2000) ("Because of the highly destructive potential of overextending substantive due process protection . . . the concept of substantive due process has no place when a provision of the Constitution directly addresses the type of illegal governmental conduct alleged by the plaintiff.").

Under the more-specific-provision rule, courts—including the Sixth Circuit—have repeatedly found that claims properly brought under the Takings Clause should not also be analyzed under the rubric of substantive due process. *See, e.g.*, *Choate's Air Conditioning & Heating v. Light, Gas & Water Div. of Memphis*, 16 F. App'x 323, 330 (6th Cir. 2001) (rejecting a plaintiff's attempt to "repackage[] a takings claim as a substantive due process violation"); *Buckles v. Columbus Mun. Airport Auth.*, 90 F. App'x 927, 931 (6th Cir. 2004) (affirming the dismissal of a substantive due process claim that was more appropriately analyzed under the explicit protections of the Takings Clause); *see also Montgomery*, 226 F.3d at 769 ("[I]t is not clear why the concept of substantive due process should have any place in takings cases . . . The takings clause itself addresses whether and under what circumstances the government may take an individual's private property . . . .").

12

Here, Plaintiffs have "merely repackaged a takings claim as a substantive due process violation." *Choate's Air Conditioning*, 16 F. App'x at 330. Plaintiffs allege that Defendant County violated their substantive due process rights by "seizing Plaintiffs' and class members' Surplus Proceeds . . . and refus[ing] to return the same." (ECF No. 1, PageID.37.) Because the Takings Clause "directly addresses the type of illegal governmental conduct alleged by the plaintiff," that clause preempts Plaintiffs' substantive due process claim. *Montgomery*, 226 F.3d at 769. Michigan state courts have dismissed similar substantive due process claims for this reason. *See In re Muskegon Cnty. Treasurer for Foreclosure*, 20 N.W.3d 337, 347 (Mich. Ct. App. 2023) (rejecting plaintiffs' attempt to "reset" their takings claim as a substantive due process claim); *In re Barry Cnty. Treasurer for Foreclosure*, No. 360920, 2024 WL 386939, at *3 (Mich. Ct. App. Feb. 1, 2024) (declining "to accept the framing of the claim to surplus proceeds as a violation of substantive due process").

Plaintiffs attempt to rescue their substantive due process claim by arguing that it would be "illogical to dismiss the Substantive Due Process claim on the basis that there are other remedies available while also

finding the other remedies are NOT available." (ECF No. 50, PageID.1168.) But Plaintiffs misunderstand the "more-specific-provision rule." When asking whether the Takings Clause precludes Plaintiffs' substantive due process claim, the question is not whether Plaintiffs successfully state a violation of the Takings Clause. Rather, the question is whether Plaintiffs' allegations are more properly analyzed under the Takings Clause. *See Buckles v. Columbus Mun. Airport Auth.*, No. CS-00-986, 2002 WL 193853, at *12 (S.D. Ohio Jan. 14, 2002) (dismissing a substantive due process claim because it was "more appropriately analyzed in the context of the explicit protections set forth in the Takings Clause of the Fifth Amendment"). It is entirely consistent to find that the alleged governmental conduct is more properly analyzed under the Takings Clause *and* that Plaintiffs fail to state a takings claim. *See, e.g.*, *id.* (dismissing both the substantive due process claim and the takings claim).

Accordingly, Count VI is dismissed.

### C.    Count VIII – Eighth Amendment Claim

Plaintiffs argue that the retention of surplus proceeds—as well as § 211.78t's subtraction of a five percent commission fee from any surplus

14

proceeds that might be returned—violates the Excessive Fines Clause of the Eighth Amendment. (ECF No. 1, PageID.39–40.) The Court previously dismissed the portion of Count VIII related to § 211.78t's five percent sales commission fee because Plaintiffs lacked standing to bring that claim. (ECF No. 23, PageID.390–91.) But the Court denied Defendant's motion to dismiss the rest of Count VIII for lack of any "substantive argument" regarding the claim. (ECF No. 24, PageID.454.)

In its most recent motion to dismiss, Defendant argues that Count VIII should be dismissed because the Excessive Fines Clause applies only to fines which are punitive, and Defendant's retention of surplus proceeds is remedial, not punitive. (ECF No. 48, PageID.1017–1018.) The Court agrees. "The Excessive Fines Clause limits the government's power to extract payments . . . 'as *punishment* for some offense.'" *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quoting *Browning-Ferris Indus. v. Kelco Disposal*, 492 U.S. 257, 265 (1989)). In *Rafaeli*, the Michigan Supreme Court explained that "the GPTA is not punitive in nature." *Rafaeli*, 952 N.W.2d at 447. Because the GPTA is not punitive, other district courts have repeatedly found that the Excessive Fines Clause does not apply. *See Hall v. Meisner*, No. 20-12230, 2021 WL 2042298, at

15

*14 (E.D. Mich. May 21, 2021) (collecting cases). In *Hall*, the Sixth Circuit affirmed the dismissal of an Eighth Amendment claim for this reason. *See Hall*, 51 F.4th at 196.

Accordingly, Count VIII is dismissed.

### D. Counts II, III, XIII, and XIV – Constructive Trust, Unjust Enrichment, and Conversion

Plaintiffs assert four claims under state statutory and common law. In Count II, Plaintiffs allege that they "are entitled to the imposition of a constructive trust on their Surplus Proceeds." (ECF No. 1, PageID.30.) In Count III, Plaintiffs allege that Defendant "has been unjustly enriched by its illegal taking and retention of Plaintiffs' and class members' Surplus Proceeds." (*Id.* at PageID.31.) In Counts XIII and XIV, Plaintiffs allege that the failure to return surplus proceeds constitutes both common-law and statutory conversion. (ECF No. 1, PageID.46–48.) Defendant argues that a constructive trust is an equitable remedy and not an independent cause of action. (ECF No. 48, PageID.1012.) Defendant also argues that a claim for unjust enrichment has been "preempted" by § 211.78t, which provides the exclusive remedy for seeking surplus proceeds. (*Id.*) Similarly, in its reply, Defendant suggests

that Plaintiffs' conversion claims are unavailable because § 211.78t is "controlling" and "exclusive."[3] (ECF No. 52, PageID.1288.)

Defendant is correct that § 211.78t provides "the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state." Mich. Comp. Laws § 211.78t(11). Accordingly, Michigan courts have repeatedly found that neither constructive trust claims nor unjust enrichment claims are available under the circumstances of this case. *See, e.g.*, *In re Osceola Cnty. Treasurer*, No. 363873, 2024 WL 3074371, at *7 (Mich. Ct. App. June 20, 2024); *In re Wayne Cnty. Treasurer for Foreclosure*, No. 371065, 2025 WL 2677711, at *7 (Mich. Ct. App. Sept. 18, 2025).

As the Michigan Court of Appeals has explained, foreclosing governmental units are not "unjustly enriched" when they follow the GPTA's statutory scheme, which "mandates how [they] are to use the monies from tax-foreclosure sales, and . . . leaves [them] without the

---

[3] Defendant also argues that it is immune from tort liability for conversion under immunity under Michigan's Governmental Tort Liability Act ("GTLA"), Mich. Comp. Laws § 691.1401 *et seq*. (ECF No. 26, PageID.477.) Plaintiffs argue that Defendant is not immune from tort liability because the GTLA's proprietary function exception applies. (ECF No. 50, PageID.1172.) Because the Court finds that Plaintiffs' conversion claims are unavailable for other reasons set forth below, the Court does not reach the question of the proprietary function exception's applicability.

discretion to disburse remaining proceeds to foreclosed property owners who did not comply with the requirements of [§] 211.78t." *In re Osceola Cnty. Treasurer*, 2024 WL 3074371, at *7; *see also In re State Treasurer for Foreclosure*, No. 365005, 2024 WL 3995365, at *4 (Mich. Ct. App. Aug. 29, 2024) (finding that a foreclosing governmental unit's "compliance with the statutory scheme cannot provide grounds for imposing a constructive trust"). In addition, where a plaintiff has failed to comply with the requirements of § 211.78t, "an equitable remedy would contravene the Legislature's clearly stated intent and essentially reduce [§] 211.78t to a nullity." *In re Osceola Cnty. Treasurer*, 2024 WL 3074371, at *7.

The same rationales support dismissing Plaintiffs' conversion claims. Again, § 211.78t provides "the exclusive mechanism" for claiming surplus proceeds under Michigan law. Mich. Comp. Laws § 211.78t(11); *see also Schafer v. Kent Cnty.*, 515 Mich. 1, 45, 29 N.W.3d 25, 50 (2024) ("[Section] 211.78t creates a controlling and structured system for adjudication of tax-foreclosure disputes as the exclusive means of obtaining surplus proceeds."). Permitting an action for conversion, like permitting an action for unjust enrichment, would contravene the

18

Legislature's clearly stated intent and essentially reduce [§] 211.78t to a nullity." *In re Osceola Cnty. Treasurer*, 2024 WL 3074371, at *7.

Accordingly, Counts II, III, XIII, and XIV are dismissed.

### E.   Count VII – Procedural Due Process

Plaintiffs allege that Defendant's taking and retention of surplus proceeds "without proper notice or the opportunity to object deprived Plaintiffs and class members of procedural due process" under the Fourteenth Amendment. (ECF No. 1, PageID.39.) The Court previously held that Plaintiffs stated a procedural due process claim. (ECF No. 24, PageID.450.) Defendant argues that due process is necessarily satisfied because Plaintiffs "were given notice as to how to make a claim, that it must be made by July 1, and were provided a copy of the claim form." (ECF No. 48, PageID.1017.)

As a preliminary matter, the Court notes that while *Howard* requires dismissal of Plaintiffs' takings claims, it does not require dismissal of Plaintiffs' procedural due process claim. In *Howard*, the Sixth Circuit noted that the plaintiff had not brought a procedural due process claim. *See Howard*, 133 F.4th at 573 (noting that the plaintiff complained of § 211.78t's procedural hurdles but "[n]o [due process] claim

19

appears in her complaint"). Accordingly, the Sixth Circuit has not expressly decided that § 211.78t satisfies procedural due process. *But see id.* at 571 (describing § 211.78t as "set[ting] several reasonable steps for claiming" surplus proceeds).

"The fundamental elements of procedural due process are notice and an opportunity to be heard." *Yellow Freight Sys. v. Martin*, 954 F.2d 353, 357 (6th Cir. 1992) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Here, construing the complaint in the light most favorable to Plaintiffs and accepting all allegations as true, Plaintiffs have raised plausible concerns regarding the adequacy of both notice and opportunity to be heard under § 211.78t. Plaintiffs challenge § 211.78t's requirement that they make a claim for surplus proceeds before those proceeds exist, as well as the clarity of notice concerning the July 1 deadline and the "eliminative effect" of § 211.78t on their property rights. (ECF No. 1, PageID.23, 25.) Plaintiffs also challenge § 211.78t's compatibility with precedent requiring a post-seizure hearing. (ECF No. 40, PageID.854 (citing *Ingram v. Wayne Cnty.*, 81 F.4th 603, 620 (6th Cir. 2023); *Culley v. Marshall*, 601 U.S. 377, 385–86 (2024).) In the face of these concerns, Defendant has repeatedly suggested that *any* process

necessarily satisfies due process. (*See, e.g.*, ECF No. 22, PageID.373 ("[T]here is no constitutional violation where there is a process to claim the surplus."); ECF No. 44, PageID.922 ("[W]here a procedure exists for a taxpayer to claim surplus proceeds, the Constitution is not offended.").)

Because Plaintiffs have raised plausible issues regarding the procedural adequacy of § 211.78t, Defendant's motion to dismiss Count VII is denied.

### F. Counts I and XII – Declaratory Relief and Injunctive Relief

In Count I, Plaintiffs seek a declaration that § 211.78t is unconstitutional. (ECF No. 1, PageID.22.) In Count XII, Plaintiffs seek injunctive relief enjoining Defendant from retaining Plaintiffs' surplus proceeds. (*Id.* at PageID.45–46.) Defendant argues that Count XII should be dismissed because it is a claim for relief and not an independent cause of action. (ECF No. 48, PageID.1018.) Defendant also argues that Plaintiffs lack standing to bring an Equal Protection claim embedded in Count I. (ECF No. 48, PageID.1010.)

The Court agrees that Plaintiffs lack standing to bring the Equal Protection claim described in Count I. Plaintiffs allege that § 211.78t "violates the Equal Protection Clause . . . by implementing an

impermissible classification scheme to the disadvantage of claimants who filed Form 5743 after July 1 immediately following the effective date of the Tax Foreclosure." (ECF No. 1, PageID.24.) As Defendant points out, however, "Plaintiffs did not file Form 5743 at any time." (ECF No. 48, PageID.1011.) Whatever injury may have been suffered by claimants who filed Form 5743 after the July 1 deadline immediately following the effective date of the Tax Foreclosure, it was not suffered by Plaintiffs. Accordingly, the portion of Count I that alleges an Equal Protection violation is dismissed.

The Court also agrees with Defendant that Count XII—as well as Count I—is a claim for relief rather than an independent cause of action. *See, e.g.*, *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) ("[D]eclaratory and injunctive relief are remedies, not causes of action."). The Court agrees with Plaintiffs, however, that this means only that Counts I and XII rise and fall with Plaintiffs' substantive causes of action and not that they must be dismissed. *Compare Andrus v. Kunz*, No. 1:24-CV-572, 2025 WL 2605805, at *7 (S.D. Ohio Sept. 9, 2025) (declining to dismiss plaintiff's claim for injunctive relief because "the other claims have not been dismissed") *with Tann v. Chase Home Fin.,*

22

*L.L.C.*, No. 10-14696, 2011 WL 3799841, at \*10 (E.D. Mich. Aug. 26, 2011) (dismissing a claim for injunctive relief because it is not "a stand-alone cause of action" and plaintiff had "not pleaded a substantive cause of action for which the injunction is an appropriate remedy").

Accordingly, Defendant's motion to dismiss Counts I and XII is denied.

## IV.   Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendant's motion to dismiss. Counts II, III, IV, V, VI, VIII, XIII, and XIV are dismissed.

IT IS SO ORDERED.

Dated: March 31, 2026              s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2026.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager